UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA MORRISSETTE, | Case No. 14-10259 |
| Plaintiff, | Arthur J. Tarnow |
| v. | United States District Judge |
| PINNACLE ASSET GROUP, LLC, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION
DEFENDANT'S MOTION TO COMPEL BINDING ARBITRATION
AND TO DISMISS OR STAY ALL PROCEEDINGS (Dkt. 10)**

**I.    PROCEDURAL HISTORY**

On January 17, 2014, plaintiff Jessica Morrissette filed this lawsuit, alleging that defendant Pinnacle Asset Group, LLC violated the Fair Debt Collection Practices Act and the Michigan Occupational Code. (Dkt. 1). Defendant filed its answer on March 20, 2014. (Dkt. 7). On May 15, 2014, defendant filed the instant motion to compel arbitration and to dismiss or stay all proceedings, arguing that plaintiff agreed to a BestBank Account Disclosure when she originally opened an account with BestBank, and that the Disclosure contained an arbitration agreement. (Dkt 10). Defendant also seeks its costs in bringing this motion, pursuant to the terms of the arbitration agreement. (*Id.*) Plaintiff filed a response to defendant's motion on June 5, 2014, stating that defendant has presented no

evidence that plaintiff actually agreed to the BestBank Account Disclosure, which contains the arbitration provision. (Dkt. 12). On July 30, 2014, defendant filed a reply brief, attaching a copy of the Account Application signed by plaintiff, which incorporates by reference the Account Disclosure. (Dkt. 19). The parties filed their Joint Statement of Resolved and Unresolved Issues on September 10, 2014, indicating that plaintiff does not dispute that the Disclosure contains an arbitration agreement, but disputing whether plaintiff agreed to the terms of the Disclosure or that she received it. (Dkt. 22).

Pursuant to notice, a hearing on defendant's motion to compel arbitration was held before the undersigned on September 17, 2014, at which time plaintiff raised two issues: (1) whether the bank account was actually transferred to defendant so that defendant has standing to enforce the arbitration provision, and (2) whether the disclosure containing the arbitration provision was the actual disclosure in effect at the time plaintiff opened the bank account with BestBank. The Court ordered the parties to file supplemental briefs regarding these two issues. (Dkt. entry 9/17/2014). Defendant filed is supplemental brief on October 7, 2014 (Dkt. 23) and plaintiff filed a response to that supplemental brief on October 13, 2014. (Dkt. 25). This matter is now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that

defendant's motion to compel binding be **GRANTED** and that the Arbitration Agreement be enforced, that defendant's request for fees and costs be **DENIED**, and that this matter be **DISMISSED without prejudice**.

## II. PARTIES' ARGUMENTS

Plaintiff opened a bank account with BestBank in March 2008. At that time, plaintiff signed an account application ("Application") in which she affirmed, in relevant part, that: (1) she is applying for an account at BestBank; (2) the signature on the application is her valid signature; and (3) she agrees to the terms and conditions in the written Deposit and Account disclosures which she received. (Dkt. 19-1). Defendant contends that plaintiff defaulted on her payment obligations to BestBank and that the account was transferred to defendant for collection purposes. Plaintiff alleges that defendant, in attempting to collect the debt against plaintiff, called her mother and disclosed the debt, in violation of the Fair Debt Collection Practices Act and the Michigan Occupational Code. (Dkt. 1). Plaintiff further alleges that defendant falsely represented to her that it was filing an immediate complaint in the 36th District Court, when that was not true. Plaintiff then brought this lawsuit against defendant. (Dkt. 1).

Defendant asserts that the BestBank Account Disclosure provides for binding arbitration of disputes, and therefore moved to compel plaintiff to submit to binding arbitration, and to dismiss or stay all proceedings. (Dkt. 10).

3

Defendant attached a BestBank Account Disclosure and Privacy Note, dated August 1, 2012, as an exhibit to its motion, arguing that the Disclosure contains an Agreement to Arbitrate that encompasses all of plaintiff's claims in this action. (Dkt. 10, 10-1). Defendant contends that because plaintiff's claims are subject to arbitration, this action should be dismissed with prejudice, or stayed, and that, per the Agreement to Arbitrate, plaintiff should be ordered to pay defendant's costs and expenses incurred in compelling arbitration. (Dkt. 10).

Plaintiff acknowledges that the Account Disclosure attached to defendant's motion contains an arbitration provision, but states that it is not clear that the Disclosure was the one in effect at the time she opened an account with BestBank in March 2008. Plaintiff further stated that the arbitration provision can only be invoked by assignees of the debt and not by mere debt collectors who take no such assignment, and questioned whether defendant was a debt collector or a true assignee of the debt. In supplemental briefing, defendant submits that it purchased the account involving the indebtedness owed by plaintiff on December 13, 2013, and thus it is a debt owner and not a mere debt collector. (Dkt. 24). Defendant also submitted the Terms and Conditions it asserts were in effect in March 2008, when plaintiff signed the Application. (*Id.*) Plaintiff now accedes, based on defendant's supplemental submissions, that defendant has standing to invoke the arbitration provision it relies on. (Dkt. 25). Plaintiff contends, however, that

4

defendant is not entitled to costs and fees because the arbitration provision defendant now relies on is completely devoid of any contractual provision for such costs and fees. (*Id.*) Plaintiff further argues that because defendant only recently confirmed its status as one entitled to demand arbitration, it is not entitled to fees or costs from plaintiff. (*Id.*)

### III. ANALYSIS AND CONCLUSIONS

#### A. Motion to Compel Binding Arbitration

The court must make "a number of threshold determinations before compelling arbitration." *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). Specifically, the court must determine: (1) whether the parties agreed to arbitration; (2) the scope of the agreement to arbitrate; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) whether to stay the remainder of the proceedings pending arbitration if it concludes that some, but not all, of the claims in the action are subject to arbitration. *Id.* The "gateway dispute about whether the parties are bound by a given arbitration clause raises a 'question of arbitrability' for a court to decide." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (internal quotation marks and citations omitted). "[A]ny doubts regarding arbitrability should be resolved in favor of arbitration." *Fazio*, 340 F.3d at 392. "[A] court can decline to enforce an arbitration agreement under the FAA only if the plaintiff can point to a

5

generally applicable principle of contract law under which the agreement could be revoked." *Samadi v. MBNA America Bank, N.A.*, 178 Fed. Appx. 863, 865 (11th Cir. 2006).

    Defendant has provided a copy of the account application ("Application") signed by plaintiff, stating that she "agree[s] to the terms, conditions, agreements and fees contained in the Deposit Disclosure and Account Disclosure," and that, by her signature on the Application, she "agree[s] to the terms and conditions in the written Deposit and Account disclosures which I received." (Dkt. 19-1). Defendant has also now provided a copy of the applicable Terms and Conditions in effect at the time plaintiff signed the Application. (Dkt. 24). Under Michigan law, "[w]here one writing references another instrument for additional contract terms, the two writings should be read together." *Forge v. Smith*, 458 Mich. 198, 207; 580 N.W.2d 876 (1998); *Williams Int'l Co. v. New West Mach. Tool Corp.*, 2010 WL 331714, at *7 (E.D. Mich. Jan. 22, 2010) ("Michigan law allows parties to incorporate terms and conditions by reference[.]"). Plaintiff here does not dispute that she signed the Application, and that the Application provides that she is bound by the terms, conditions, agreements and fees in the Account Disclosure. Defendant provided a copy of the applicable Terms and Conditions in effect when plaintiff signed the application (Dkt. 24), and plaintiff does not dispute that she is bound by those Terms and Conditions. (Dkt. 25). The parties further do not

dispute that the arbitration provision here covers all plaintiff's claims against defendant in this litigation. Accordingly, the undersigned concludes that plaintiff's claims in this action are subject to arbitration and governed by the Arbitration Agreement set forth in the Terms and Condition in effect when plaintiff signed the Application in March 2008.

Turning to defendant's request for an order to compel, § 4 of the FAA provides, in pertinent part, that where a party invokes the jurisdiction of a federal court over a matter that the court could adjudicate but for the presence of an arbitration clause, "[t]he court shall . . . direc[t] the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. Section 4 further instructs that the arbitration must take place "within the district in which the petition for an order directing such arbitration is filed." *Id*. Here, the parties' agreement provides that "[a]ny arbitration hearing will take place in the federal district in which you reside." (Dkt. 24). Plaintiff resides in Oakland County, Michigan (Dkt. 1, ¶ 4), and accordingly the parties agreed to arbitrate their dispute in the jurisdiction of this judicial district, and this Court may compel arbitration. 9 U.S.C. § 4. Therefore, defendant's motion to compel arbitration should be **GRANTED** and the parties should proceed to arbitration pursuant to the terms of the Agreement.

The undersigned further agrees that defendant is entitled to dismissal rather

than merely a stay of this litigation. It is true that where claims are referred to arbitration, the FAA provides for a stay of the court proceedings "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. However, in cases, such as the present one, where all of a party's claims are subject to arbitration, courts may properly dismiss the complaint. *See Arnold v. Arnold Corp.–Printed Commc'ns for Bus.*, 920 F.2d 1269, 1275 (6th Cir. 1990) (holding that it was not "error for the district court to dismiss the complaint" after ordering arbitration); *see also Ozormoor v. T-Mobile USA, Inc.*, 354 Fed. Appx. 972, 975 (6th Cir. 2009) (rejecting the argument that the FAA requires district courts to stay suits pending arbitration rather than dismiss them). Indeed, "[t]he weight of authority clearly supports the dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). "Most district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice." *Gilchrist v. Inpatient Med. Servs., Inc.*, 2010 WL 3326742, at *5 (N.D. Ohio Aug. 23, 2010) (quoting *Nestle Waters N. Am., Inc. v. Bollman*, 2006 WL 3690804 , at *6 (W.D. Mich. Dec. 12, 2006), *aff'd*, 505 F.3d 498 (6th Cir. 2007)); *see also McGill v. Meijer, Inc.*, 2011 WL 1166895, at *4 (W.D. Mich. Mar. 28, 2011) (where arbitration is compelled as to all claims,

dismissal for lack of jurisdiction is appropriate, and because this dismissal is not on the merits, it will be without prejudice) (citing *Kruse v. AFLAC Int'l, Inc.*, 458 F. Supp.2d 375, 388 (E.D. Ky. 2006)).

Given that all of plaintiff's claims are subject to final and binding arbitration, the undersigned suggests that this case should be **DISMISSED without prejudice**.

### B. Fees and Costs

Plaintiff disputes that defendant is entitled to costs and fees incurred in bringing this motion. Defendant argued in its motion that it is entitled to fees and costs pursuant to the arbitration provision in the Account Disclosure attached to its motion. (Dkt. 10, 10-1). However, as plaintiff correctly states, contrary to the arbitration provision in the 2012 Disclosure first relied on by defendant, the arbitration provision in the *applicable* Terms and Conditions provided by defendant in its supplemental brief does not contain any provision for costs and fees. (Dkt. 25; *see* Dkt. 24 and *compare* Dkt. 10-1). Federal courts generally observe the "American rule" that "litigants pay their own attorney[] fees," absent statutory authorization or an enforceable contractual fees provision. *Cook v. All State Home Mortg., Inc.*, 329 Fed. Appx. 584, 588 (6th Cir. 2009) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975)). The FAA does not expressly provide for the payment of attorney's fees to a litigant

who obtains a judicial order compelling arbitration, *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 320 (4th Cir. 2003), and as there is no contractual provision for the award of attorney fees and costs in the applicable arbitration provision here, the undersigned declines to make any such award.[1]

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to compel binding arbitration be **GRANTED** and that the Arbitration Agreement be enforced, that defendant's request for fees and costs be **DENIED**, and that this matter be **DISMISSED without prejudice**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

---

[1] The undersigned further notes that because the arbitration provision in the Disclosure in effect at the time plaintiff signed the Application is different than the arbitration provision in the Disclosure first proffered by defendant in its motion (at least with regard to the provision of fees and costs), plaintiff was justified in questioning the applicability of the arbitration provision as first proffered by defendant and did not act unreasonably in initially declining to agree to arbitration.

party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 5, 2014                         s/Michael Hluchaniuk
                                               Michael Hluchaniuk
                                               United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on November 5, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov